# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD RILEY,** : | **CIVIL NO. 1:CV-13-02646** |
| Plaintiff : | (Judge Rambo) |
| v. : | |
| **GOVERNOR TOM CORBETT,** : | |
| Defendant : | |

## M E M O R A N D U M

Plaintiff Ronald Riley, a state inmate currently incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania, initiated this action on October 28, 2013 with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983, as amended February 18, 2014. (Doc. 13.) Named as Defendants are former-Governor Thomas Corbett, Lieutenant Todd L. Harman of the Pennsylvania State Police, Megan's Law Section, and former-Governor Thomas Ridge. In the amended complaint, Plaintiff alleges that his constitutional rights have been violated because he is required to comply with provisions of Pennsylvania's Megan's Law, *see* 42 Pa. Cons. Stat. §§ 9791 – 9799.41, that were not in effect at the time he was sentenced in 1985. As relief, Plaintiff seeks declaratory and compensatory relief.

Presently before the court are two motions to dismiss, filed by Defendants Corbett and Harman (Doc. 20) and Defendant Ridge (Doc. 39). For the reasons set forth below, the motions will be granted and this case will be closed.

I. **Background**

   A. **Facts**

In the complaint, Plaintiff provides the following factual background with respect to his claims. For purposes of disposition of the instant motions to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

On or about September 19, 1985, Plaintiff was sentenced by a judge of the Court of Common Pleas of Dauphin County, Pennsylvania to a term of incarceration of nine (9) to eighteen (18) years for convictions of rape and burglary. (Doc. 13 ¶ 2.) At that time, the sentencing court neither required Plaintiff to register under Megan's Law nor requested a hearing for a "sexually violent predator" classification evaluation because Megan's Law did not take effect until ten (10) years after Plaintiff was convicted and sentenced. (*Id.* ¶ 3.)

2

After the Pennsylvania Legislature passed Megan's Law in 1995 and then-Governor Ridge signed it into law, Megan's Law "was applied to Plaintiff in spite of the fact that it is not applicable to offenders before its effective date." (*Id.* ¶¶ 4, 5.) Plaintiff asserts that he has been required to register under Megan's Law for approximately eleven (11) years despite there being no requirement for him to do so. (*Id.* ¶ 6.) In addition, Plaintiff asserts that, after then-Governor Corbett signed into law changes to Pennsylvania's sexual offender registration law in 2012, including, *inter alia*, lifetime registration for a "Tier 3" sexual offender, those changes were applied to Plaintiff without certain procedures such as notice of a hearing or right to counsel. (*Id.* ¶ 7.)

**B.    Procedural History**

Plaintiff initiated this action with a complaint filed on October 28, 2013. (Doc. 1.) On November 19, 2013, Plaintiff filed an amended complaint (Doc. 5), which the court reviewed and determined was defective (*see* Doc. 12). As a result, by order dated February 6, 2014, the court directed Plaintiff to file another amended complaint and advised him of the pleading requirements for that amended complaint. (*Id.*)

Plaintiff filed his second amended complaint on February 18, 2014. (Doc. 13.) Thereafter, the court granted Plaintiff's motion for leave to proceed *in forma pauperis*

(Doc. 2), and directed service of the second amended complaint, (Doc. 14). Following service, both sets of Defendants have filed the instant motions to dismiss. (Docs. 20 & 39.) After responsive and reply briefing, these motions are now ripe for disposition.

## II.  Standard of Review

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in the context of Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action" to show entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *accord, e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555, 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007).  Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664.  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading,

6

...
...
...

may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal quotation omitted)). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116

(3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.   Discussion

The federal civil rights statute at issue here, 42 U.S.C. § 1983, "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). In order to establish liability under § 1983, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the instant case, under § 1983 Plaintiff seeks relief from having to register as a sexual offender for his 1985 rape conviction pursuant to Pennsylvania's Megan's Law. Plaintiff avers that there was no registration requirement in place when he was convicted in 1985 and that having to register now is a violation of the *ex post facto* provision of the United States Constitution in that such a requirement essentially

increases his penalty for his prior felony convictions.[1] He also claims that, because Megan's Law is punitive in nature, his right to due process was violated when he was required to register without a hearing and other procedures. In the instant motions to dismiss, both sets of Defendants argue that the amended complaint should be dismissed because it is constitutionally permissible to apply Pennsylvania's Megan's Law registration requirements to Plaintiff's 1985 conviction for rape. (*See* Docs. 21 & 46.) Upon review, the court agrees with Defendants and, therefore, will grant the motions to dismiss.

The United States Constitution prohibits legislative bodies from enacting *ex post facto* laws. U.S. Const. art. 1, § 9, cl. 3. "Under the *Ex Post Facto* Clause, the government may not apply a law retroactively that 'inflicts a greater punishment, than the law annexed to the crime, when committed.'" *Artway v. Att'y Gen. of State of N.J.*, 81 F.3d 1235, 1247 (3d Cir. 1996) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)). This prohibition "only appl[ies] to those situations in which the injury complained of constitutes an imposition or exaction of a 'criminal' rather than a 'civil' nature."

---

[1] Even though Plaintiff does not expressly state the *ex post facto* violation in his amended complaint, (*see* Doc. 13), in response to Defendants' brief in support of the motion to dismiss, Plaintiff does, in fact, articulate this argument, (*see* Doc. 24). Thus, the court will address Defendants' contentions with respect to the *ex post facto* violation, as well as Plaintiff's counter argument.

*Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 255 (3d Cir. 2001) (quoting *Rex Trailer Co. v. United States*, 350 U.S. 148, 154 (1956)).

"If the intention of the legislature [in enacting a particular statute that has retroactive application] was to impose punishment, that ends the inquiry"; the *ex post facto* clause has been violated. *Smith v. Doe*, 538 U.S. 84, 92 (2003). If not, the statute does not violate the *ex post facto* clause unless it is "so punitive either in purpose or in effect as to negate Congress's intention" to create a civil regulatory scheme. *Id*. (internal quotation marks omitted). A statute may be invalidated on this latter ground "only [on] the clearest proof." *Id*. (internal quotation marks omitted).

Turning to Pennsylvania's Megan's Law, it defines a sexual offender as an

"individual required to register under this subchapter." 42 Pa. Cons. Stat. § 9799.12.[2]

As explained by the Supreme Court of Pennsylvania,

> Section 9799.14 of Megan's Law IV, 42 Pa. C.S. § 9799.14, establishes a three-tier system for the classification of sexual offenders. An offender's classification is determined with reference to enumerated offenses listed at Section 9799.14(b)-(d). An offender's classification affects the length of time the offender is required to register and the severity of punishment an offender may receive for failing to register or providing false information.
>
> Tier I offenses include crimes such as unlawful restraint, false imprisonment, corruption of minors, video voyeurism, and indecent

---

[2] Under the statute, a "sexual offender" is defined separately from a "sexually violent predator." Specifically, a "sexually violent predator" is defined, in pertinent part, as

An individual determined to be a sexually violent predator under section 9795.4 (relating to assessments) prior to the effective date of this subchapter or an individual convicted of an offense specified in:

\* \* \*

(3) section 9799.14(d) . . . (2) [(relating to rape)] . . .

who, on or after the effective date of this subchapter, is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses. The term includes an individual determined to be a sexually violent predator or similar designation where the determination occurred in another jurisdiction, a foreign country or by court martial following a judicial or administrative determination pursuant to a process similar to that under section 9799.24.

42 Pa. Cons. Stat. § 9799.12. The court takes judicial notice of Pennsylvania's Megan's Law website, which lists Plaintiff as a "sexual offender" and not as a "sexually violent predator," and notes that not all sexual offenders are determined to be sexually violent predators. *See* http://www.pameganslaw.state.pa.us/SearchResultsSVP.aspx (last visited Mar. 3, 2015).

assault. 42 Pa. C.S. § 9799.14(b)(1)-(2), (6), (8), (11). Tier I offenders are required to register for a period of 15 years. Section 9799.15(a)(1) of Megan's Law IV, 42 Pa. C.S. § 9799.15(a)(1). A Tier I offender who fails to register may be guilty of a third-degree felony for a first offense. 18 Pa. C.S. § 4915.1(b)(1).

Tier II offenses include crimes such as statutory sexual assault, unlawful contact with a minor, sexual exploitation of children, and various offenses related to human trafficking. 42 Pa. C.S. § 9799.14(c)(1), (1.1), (2), (5)-(7). Tier II offenders are required to register for a period of 25 years. 42 Pa. C.S. § 9799.15(a)(2). A Tier II offender who fails to register may be guilty of a second-degree felony. 18 Pa. C.S. § 4915.1(c)(1).

Tier III offenses include crimes such as kidnapping, rape, involuntary deviate sexual intercourse, indecent assault of a minor under 13, and sexual abuse. 42 Pa. C.S. § 9799.14(d)(1)(2), (4), (8), (11). A Tier III offender is required to register for life. 42 Pa. C.S. § 9799.15(a)(3). A Tier III offender who fails to register may be guilty of a second-degree felony. 18 Pa. C.S. § 4915.1(c)(1).

*Coppolino v. Noonan*, 102 A.3d 1254, 1260 n.7 (Pa. 2014). Plaintiff is a Tier III offender based on his conviction for rape and, according to Pennsylvania's Megan's Law website, is classified as a "sexual offender" and not as a "sexually violent predator." *See supra* note 3, at 11.

The intent of Megan's Law is clearly established in the Pennsylvania Legislature's declaration of purpose, which provides, in pertinent part:

This subchapter shall be interpreted and construed to effectuate the following purposes:

\* \* \*

>(5) To provide a mechanism for members of the general public to obtain information about certain sexual offenders from a public Internet website and to include on that Internet website a feature which will allow a member of the public to enter a zip code or a geographic radius and determine whether a sexual offender resides within that zip code or radius.
>
>(6) To provide a mechanism for law enforcement entities within this Commonwealth to obtain information about certain sexual offenders and to allow law enforcement entities outside this Commonwealth, including those within the Federal Government, to obtain current information about certain sexual offenders.

42 Pa. Cons. Stat. § 9799.10(5), (6). This language of purpose demonstrates that the Legislature's goal was "to protect the safety and general welfare of the public by notifying the police of offenders' whereabouts." *Diaz v. Pennsylvania*, Civ. No. 12-7082, 2013 WL 6085924, at \* 6 (E.D. Pa. Nov. 19, 2013).

Based on a review of Megan's Law, the court concludes that it is not punitive in nature. *See also* 42 Pa. Cons. Stat. § 9799.11(b)(2) ("It is the policy of the Commonwealth to require the exchange of relevant information about sexual offenders among public agencies and officials and to authorize the release of necessary and relevant information about sexual offenders to members of the general public as a means of assuring public protection and shall not be construed as punitive."). When determining whether the objective purpose of legislation

constitutes punishment, courts must focus on "whether analogous measures have traditionally been regarded in our society as punishment." *E.B. v. Verniero*, 119 F.3d 1077, 1093 (3d Cir. 1997) (analyzing New Jersey's Megan's Law registration requirement). "Registration is a common and long standing regulatory technique with a remedial purpose." *Artway*, 81 F.3d at 1264-65 (holding that the remedial purpose of helping law enforcement agencies keep track of offenders justifies requiring offenders to register because registration may allow officers to prevent future crimes by intervening in dangerous situations).

The United States Court of Appeals for the Third Circuit has held that registration is "reasonably related" to the legitimate goal of allowing law enforcement to stay vigilant against possible re-abuse and historically is not analogous to punishment. *Id*. Accordingly, the objective purpose of Pennsylvania's Megan's Law is not punishment. This conclusion is notably in accordance with the United States Supreme Court's holding in *Smith v. Doe*, which established that registration requirements for sexual offenders are not punitive. *Smith*, 538 U.S. at 99-106. As such, registration requirements do not violate the *ex post facto* clause of the Constitution. *Id*. at 91; *see also Commonwealth v. Gaffney*, 733 A.2d 616, 622 (Pa. 1999) (holding it is not a violation of the *ex post facto* clause of the state Constitution

to require a sexual offender to register even though he had been convicted before Pennsylvania's Megan's Law was enacted).  Nor do the registration and notification requirements of Megan's Law for "sexual offenders" violate due process.  *See Santos v. Philadelphia*, Civ. No. 13-3130, 2013 WL 3829622, at *1 (E.D. Pa. July 24, 2013); *Commonwealth v. Lee*, 935 A.2d 865, 886 (Pa. 2007) (holding applicable provisions of Megan's Law "require no more process than the statute currently provides").  Accordingly, Plaintiff's amended complaint fails to demonstrate a claim for relief and will be dismissed.  Further, since Plaintiff has failed to state a constitutional violation, amendment would be futile.  *See Fletcher-Harlee Corp.*, 482 F.3d at 252.

### III. Conclusion

For the reasons set forth herein, the motions to dismiss (Docs. 20, 39) will be granted.  In addition, Plaintiff will not be permitted to file an amended complaint.  An appropriate order will issue.

                                       s/Sylvia H. Rambo
                                       United States District Judge

Dated:  March 4, 2015.